**BOWIE COUNTY v. McDUFFIE et al.**

No. 5265.

Court of Civil Appeals of Texas. Texarkana.

March 11, 1937.

S. I. Robison, of Texarkana, for appellant.

Rodgers & Rodgers, of Texarkana, Wm. McCraw, Atty. Gen., and Leonard King, Asst. Atty. Gen., for appellees.

HALL, Justice.

Bowie County brought this action against W. N. McDuffie, Tax Assessor and Collector of Bowie County, Tex., the Highway Commission of Texas, and the State Highway Engineer, to enforce payment to it of 50 per cent., less fees of collecting, of the $3 registration convoy fee for the years 1935 and 1936 on all motor vehicles "traveling under its own power or towed or otherwise transported by being attached or coupled to some other vehicle from or through this State, over the highways. thereof, for the purpose of sale or resale," etc. Trial was had to the court without a jury, which resulted in judgment ·for McDuffie and the other appellees. From this judgment Bowie County has appealed.

Appellant's contention is that: "The law passed through the Forty-first Legislature, 1929, is a re-writing of the general law relating to registration and fees therefor of motor vehicles in this State, and the Act of 1935, requiring registration of vehicles from out of the State brought in for purposes of sale, levies an additional registration fee covering vehicles not theretofore provided for in the law, and should be apportioned and paid over to the county and state highway funds in accordance with Section 10 of the Act of 1929, said act of 1935 being in pari materia and part of the general law contained in said Acts of 1929 and additions and amendments thereto; and said judgment should have been for the plaintiff as prayed for in its pleadings, and the court erred in not entering such judgment." We do not agree with this contention. Section 10 of the Acts of 1929 c. 88 (Vernon's Ann.Civ.St. art. 6675a—10), has specific relation to the division of fees authorized to be collected by that act,

between the several counties and the state, and does not affect another specific registration tax levied under the Acts of 1935. The relevant parts of the 1935 Act known as H.B. No. 691, c. 342, Acts 44th Legislature, Regular Session, are:

"Provided however, none of the provisions of this Section shall apply to or exempt the operator, owner or lessee of any motor vehicle being driven under its own power, or towed or otherwise transported by being attached or coupled to some other vehicle from or through this State over the highways thereof, for the purpose of sale, resale or trade in another State, or after having been sold, resold, or traded to any person, company, corporation, or association in another State, but each such motor vehicle shall be registered for the Department through the County Tax Collector of the first county through which said motor vehicle passes after entering this State; or if moving from this State to another State, of the county from which said motor vehicle first moves, and a registration fee of Three Dollars ($3) for each such vehicle shall be paid to said Tax Collector unless such motor vehicle has been previously registered with the Department in lawful manner and license fees paid. The Tax Collector of the county where such registration is had shall furnish the operator of said motor vehicle with a receipt on a form prescribed by the Department and said operator shall retain said receipt in his possession and exhibit same to any member of the State Highway Patrol, or other peace officer, for inspection upon request. If said operator is unable to present said receipt to said member of the State Highway Patrol, or other peace officer, he and the motor vehicle which he is operating shall be detained by such member of the State Highway Patrol, or peace officer until proper registration is had and said receipt issued by the Tax Collector of some county through which said motor vehicle is being, or has been driven or towed, or otherwise transported by being attached or coupled to some other vehicle from or through this State over the highways thereof." (Vernon's Ann.P.C. art. 827b, § 2).

"The fact that many hundreds of cars owned by non-residents of this State are being transported over the highways of this State for the purpose of selling, reselling or trading or for delivery after being sold, resold or traded in other States without the payment of any registration or license fee and that many cars are sold, resold, traded or moved for the purpose of selling, reselling or trading from this State to other States over the highways of this State without the payment of any registration or license fees, and the fact that the State of Texas is being deprived of many thousands of dollars of revenue to which it is entitled by reason of this use of its highways create an emergency and an imperative public necessity for the suspension of the Constitutional Rule requiring bills to be read on three several days in each House, and said Rule is hereby suspended, and this Act shall take effect and be in force from and after its passage, and it is so enacted." (Acts 1935, c. 342, § 3).

While this last act may refer to the same general topic, motor vehicles, as the Act of 1929, it has for its purpose the levying of a special tax for the towing, etc., of motor vehicles into this state or out of this state for sale or resale. The reason given by the Legislature for the levying of this tax is stated in the emergency clause (Acts 1935, c. 342, § 3) to be: "* * * that the State of Texas is being deprived of many thousands of dollars of revenue to which it is entitled by reason of this use of its highways." (Italics ours.) The Act of 1935 makes the tax collector the agent of the Highway Department of this state in the collecting of the registration fees, but makes no provision as to whom the fee shall be paid when collected. In this situation it is our opinion that the fees so collected are payable to the state. In Straub v. Gordon, 27 Ark. 625, it is held that, when a particular treasury is not specified, a constitutional provision for the taxation of certain privileges and occupations and that the amount thus raised shall be paid into the "treasury," means the state treasury and not a county treasury. The presumption is that all taxes collected under general law not apportioned are payable to the state. Only such taxes as are specifically apportioned to the several counties can be legally paid to them. To give this statute the construction contended for by appellant would give undue advantage to those counties on the border of the state through which pass main highways from the other states.

The judgment is affirmed.